Our last case for argument today is 24-1761 Definitive Holdings v. Powerteq Charles Roberts for Plaintiff Appellant Definitive Holdings The District Court entered a summary judgment that our patent was invalid. That judgment was based on hearsay evidence. That evidence specifically was testimony from a man named Jay Ramsey who talked about third-party Hyperteq's device. Mr. Ramsey testified that he joined Hyperteq in 2018 when he bought the company, so he's the president and owner of Hyperteq. He also testified that those he talked to when he prepared for his deposition were not around at the time of the events that we're talking about. So this case is a wonderful law school teaching case for like an evidence class. But what it really comes down to is you have a 30B6 witness who's not a party witness, right? He's a third-party 30B6, and we have some limits on hearsay. Normally, a person can't testify to something they don't have firsthand information on, right? That's correct. But a 30B6 witness is a corporate representative. Yeah, and if I could expand on that, Rule 30B6 talks about the taking of depositions. Rule 32 talks about the use of depositions. And Rule 32 says, well, the depositions can be used to the extent they're admissible under the Federal Rules of Evidence. And we all know that Rule 602 in the Federal Rules of Evidence said testimony has to be based on personal knowledge. So here we have Mr. Ramsey talking about things that happened 20 years before he joined the company. But counsel, do you agree that generally for 30B6 witnesses, the testimony doesn't have to be based on personal knowledge? No question. We all agree that 30B6 contemplates that you're going to have some testimony that's hearsay. Okay. The 5th, the 7th, and the 11th circuits, and maybe the 6th circuit also, have held that for purposes of summary judgment or trial, you can rely on the 30B6 witness even though his testimony is technically hearsay, correct? No. No? The 5th circuit, let's go through those because I think that's a very helpful exercise. I'm assuming you're going to answer Judge Dyke by explaining to him that in all three of those cases, the 30B6 witness was a party witness. And then in all three of those cases, the party witness, huh? No? No, no, no. That was actually a softball, sir. It may have been, but the point is, first of all, my friends point to the 10th circuit case in Sidlo and say that's by precedent. Well, the 10th circuit is not by precedent because in Sidlo, the question was the credibility, not the admissibility of the testimony. Now, in the, if I could refer to the court, there are actually two district court opinions out of the District of Utah that address this issue and come out on our side, both authored by Judge Jill Parrish. Could we come back to the 5th, 7th, and 11th circuits? Okay, 7th circuit, PPM Finance. PPM Finance, the 7th circuit found that the witness had actual knowledge. But it was an alternative ground. It was an alternative ground. Judge Seeger's opinion, Kraft Food, out of District Court in Northern District of Illinois, actually cited PPM Finance, but not for that proposition. I guess I would submit that if PPM Finance was by necessity in the 7th circuit, Judge Seeger would have relied on it in his decision in Kraft Foods where he spent 14 pages talking about this very issue. 5th circuit, let's talk about the 5th circuit. The 5th circuit in Union Pump has been cited by dozens of district courts. It comes out in our favor. My friends point to a decision in the 5th circuit, cutting underwater technologies. The problem with cutting underwater technologies is that in the 5th circuit, they apparently have a practice similar or analogous to this Court's Rule 36 practice. And in cutting water technologies, what they said in that opinion was, we agree with the district court and we're going to reprint the district court's opinion as our opinion. And then they drop a footnote and they say, well, the evidentiary questions in Section 3A were not appealed and therefore they form no basis, no part of our opinion. Do you agree that as long as someone could testify on behalf of Hypertech at trial to the substance of the pertinent 30B6 testimony, then that 30B6 testimony is admissible at the summary judgment stage? Who is that someone? I don't think we have to specifically identify that someone, but my point being is it doesn't have to be that 30B6 witness who could testify at trial to those points. In that context, do you agree that that testimony is admissible at the summary judgment stage? I think the question is, how does a court determine that there is a credible, knowledgeable witness that's going to give the same testimony that the 30B6 witness gave? I want you not to fight my hypothetical. I want you to just take it on faith that we're going to be able to find someone. So in that instance, if we can find someone that can testify on behalf of Hypertech at trial to the substance of the pertinent 30B6 testimony, then would that 30B6 testimony be admissible at the summary judgment stage? Well, Rule 56C says that I can object that you can't find someone, and then the burden is on them to show. Okay, I want you to not fight my hypothetical. Accept what I'm saying, but I do want you to answer this one question. I'm going to say it one more time, but let's see if we can answer this time around. Do you agree that as long as someone could testify on behalf of Hypertech at trial, assume someone can be found, to the substance of the pertinent 30B6 testimony, then that 30B6 testimony is admissible at the summary judgment stage? I think that's right. I think that's right. But again, the difficulty there is identifying that person. The president, the founder of Hypertech has passed on. I don't see how they could surely find somebody who could be a document custodian who could satisfy the business records. Here's the exception, right? Possibly. Possibly. The problem is, even if they do that, even if the documents come in, they don't have a case. They don't have a case. Without Mr. Ramsey's testimony, they don't have a case. They don't have a case? Why not? They don't have a case. Because the documents, what if they've got an operator's manual that says if you plug in a device, it doesn't talk at all? They have a sales record which shows the sale of particular devices, and they're connecting that using the user manual from 1996, which shows that those sales were of the PP3 device, right? They have a sales record, and that's page 6223. It does not even identify the device. We're talking about the Power Programmer 3. The sales record nowhere mentions the Power Programmer 3. But that's the point. They connect that to the owner's manual, which shows that those sales are PP3. The owner's manual is the Power Programmer 3. The sales document just says that all trans Power Programmers. So you need that testimony to link those documents together and to explain what they are. Well, they're linked on their face, aren't they? Because the sales record shows the Camaro, and the owner's manual says that's PP3. Well, there's four in 95 Camaro. They have, I assume, a number of products that work for 95 Camaro. What appendix page are you looking at? I'm looking at the sales record on appendix 6223. It doesn't say Power Programmer 3. Someone's got to add testimony. No, but that's the point. They take the two business records, which together show that, no? No, because the installation guide at 4324 says the Power Programmer 3. So this is the third iteration. The sales record apparently was from the first iteration of the device. And then we've got the source code. It doesn't tell us what iteration of the device it was used on. It just has a revision date on it. There's no indication that that code was ever compiled. Or if it was compiled, whether it was put into a device, and what device it was put in, and whether that device was ever sold. Do you agree that the zip file, Mr. Lanezy 87, for source code came from a 1996 box? No. Okay, why do you disagree, and can you point me to something in the record to support why you disagree? Why I disagree that it came from 1996? Yes. Well, he wasn't there in 1996. That doesn't mean that there couldn't be something available from 1996 just because Mr. Ramsey wasn't there. Okay, well, how does Mr. Ramsey know that that document's from 1996? Well, he says he didn't even, in preparing, none of the engineers he talked to were even there in 1996. So he's talking to people who are as clueless as he was about what happened. On the face of it, it refers to 1996, right? On the face of it, it refers to 1996. On the face of it, yes. That's evidence. I mean, I see right here in the record testimony on appendix page 7074. And I won't read the exact statements that are there because I think you may have marked some of this as confidential. But why doesn't that provide some support for the question that I posed to you? I'm sorry, what page of the actual deposition is that? Do you have access to the appendix, sir? Yeah, what page from the deposition? It says, okay, this is September 8, 2022, deposition, page 54, but appendix page 7074. It would be good to use the appendix page citations when talking to us. I'm at the top of that page. Okay, so he found a device that says 1996 on it. And that was the year I was asking you about. Okay, so the device was manufactured in, I guess I don't see why that particular version of software is tied to that device. I mean, the testimony says that that particular version was tied to that device. Maybe we should move on to some other issues. I think we're also into his rebuttal time. Perhaps we should save some of this time for rebuttal. Okay, thank you. Let's hear from Goldberg. Let's hear from you, sorry. Ms. Goldberg. Thank you, Your Honor, and may it please the Court. PowerTech prevailed below because HyperTech sold its PP3 device that undisputably embodies every limitation of every asserted claim more than one year before the priority date, triggering Section 102B's on-sale bar. Definitive's appeal focuses on evidentiary objections, arguing that the district court abused its discretion in considering HyperTech's owner, Mr. Ramsey's, testimony at summary judgment, as well as the evidence he discussed. Okay, well, let's just walk through the federal rules. Because the federal rules, Rule 30, says, of course, that a corporation can designate a person to speak on behalf of the corporation, correct? That's correct. Okay, and there's no doubt that a 30B6, you know, deponent witness is always someone who is representing the corporation's knowledge and not necessarily their own personal knowledge, correct? That's correct. They're allowed, as a 30B6 deponent, to testify to things that happened before they joined the corporation, as long as it's within the corporation's knowledge. But to be clear, whatever they say, even though they don't have personal knowledge, the corporation's going to be bound to that position because they're speaking as if they are the corporation. That's correct. All right, okay, but here's the weird little snafu that is not favorable to you, and it's Rule 32. So you're allowed to depose somebody who is a 30B6 third-party corporate witness or a 30B6 party corporate witness. But Rule 32 explains how you can use depositions in court proceedings. And 32B says, to the extent it would be admissible under the Federal Rules of Evidence if the deponent were present and testified. And one of the concerns that seems to exist for me is that Number 3 actually says an adverse party may use for any purpose the deposition of a party or anyone, even under 30B6. But it doesn't say for a third party 30B6 deponent. So I'm trying to figure out how the 30B6 deposition testimony of a third-party 30B6 witness is allowed to be introduced in these court proceedings. So, Your Honor, there's obviously a circuit split on this issue. Judge Dyke has referenced the case. No, let's not talk about the circuit split. I want you – I don't really give a darn about a circuit split at the moment. I might later, in a few questions later, but right now what I'm concerned about are the Federal Rules. And so I want you to walk me through the Federal Rules and how they support, if at all, the introduction of testimony by a non-party 30B6 and how it's not hearsay. I don't think it needs to come in that way, is the easy answer. I think this record, Mr. Ramsey, has sufficient personal knowledge. Okay, stop. So are you telling me that you can't actually defend under the Federal Rules use of a corporate 30B6 deponent who is not a party being introduced? The only Federal Rule I would point to to defend the point is Rule 1, which supports the just, speedy, and inexpensive administration of justice. And I'll also point you to a statement in this court's case in Alpec where it noted that the primary purpose of the summary judgment Federal Rules are to avoid an unnecessary trial. So if you were to look at – construe the rules with those two things in mind, we want just, speedy, and inexpensive administration of justice, and we want to avoid an unnecessary trial, you could therefore interpret the rules that way. I think that's what other courts have done. But in this case – I'm going to let you respond first because now I want to get – I stopped you. I didn't let you get to the circuit split. Why didn't you get to the circuit split? Because I think you know where my next question is coming, right? Which is all those circuits that went in one direction, every one of those 30B6 deponents was a party witness. And the rules we just walked through create an exception for 30B6 party witnesses, but they did not create the same exception for 30B6 non-party witnesses. So am I wrong about that? And is one of these circuit courts, either the 5th Circuit or the 7th Circuit or the 10th Circuit, talking about a non-party 30B6? Because I read them all as talking about a party 30B6. I don't think they exclude the possibility of a non-party, but I agree with your Honor's interpretation that the facts of those cases did involve party witnesses. And we just went through how Federal Rules distinguish – Rule 32 distinguishes between party 30B6s and non-party. I promise I'm going to let you get to your next one. Non-party 30B6 witnesses. So, okay. So now, why don't you move ahead. Now you're going to tell me, I hope, that it's irrelevant that whether he's designated as a 30B6 or not, he's got personal knowledge over the relevant stuff. Let me let you get to that. Thank you. So the panel doesn't need to reach the legal issue. It certainly can opine on the legal issue. I don't think you might love it if we did. But yeah, I don't know if I will either, but I will tell you that I think the facts of this case tell us that he did have sufficient personal knowledge to authenticate, lay a foundation for this evidence. This is what he testified to. He said he identified the tally of sales of the PP3 programmer from 1994 to 2001. He identified the source code, testified how he saw it was put together, understood it was maintained in the ordinary course of business. He explained why it reflects the code incorporated into the commercial product sold prior to March 30, 2000. He testified about the revision tables and how, based on that, he can approximate when revision 1.17 was in the commercial product within a few weeks. And he could definitely confirm that revision 1.1, which is the source code that was in evidence here, was in the product before March 30, 2000. He authenticated and laid a foundation for that manual. He explained that that manual came out of a box that was in the corporate records, sealed. He looked at the serial number of the box and could figure out what year it was manufactured. He opened that box himself and he confirmed that the device that he inspected, as he expected, has revision 1.17 on it. Is this all that we need him to be is as an authenticating witness? Is that all that we need Mr. Ramsey for here? He can sufficiently authenticate these documents, which is evidence, and there's no evidence on the other side. They didn't rebut any of this evidence. Does he need to play any other roles when I'm asking you? He doesn't need to for us to prevail on summary judgment because he was sufficient to be an authenticating witness. And the sort of level of knowledge that is required to do that, it's not nearly as high of a bar as opposing counsel has indicated. He doesn't need to have been there in 1996, and that's clear for many cases. We've cited United States v. Palmer in our brief, which admitted tribal documents from a Native American tribe where that custodian hadn't been there at the time. There's other cases as well. I think there's no question that the federal rules don't require that. So that's how this evidence comes in. Do you agree that the pertinent version we should focus on is the 1996 version and kind of some of that testimony that I pointed to opposing counsel? Yes, that is the pertinent testimony, but the records themselves are enough to establish. We have our source code. We have our manual. We have our sales records. That is enough to establish that he had personal knowledge sufficient to testify to those facts such that they could be an admissible form at trial, and therefore summary judgment was appropriate. Actually, okay, this is good. I'm glad we're getting to this point. In particular, a couple different things. One, you agree that source code is not hearsay, right? I agree it's not hearsay. Okay. Why don't you wax a little poetic on why it's not? Yes. So it's a listing of computer instructions, and we're in the Tenth Circuit here, and the Tenth Circuit has said that an order or instruction is by its nature, neither true nor false, and cannot be offered for its truth. That easily handles the instructions themselves. The comments, there's a challenge as to whether that is hearsay. I still think that's a business record exception. Do we need to reach the comments to rule in your favor? No, because the expert, Mr. Breglioli, he testified as to the source code. He didn't even rely on the comments. The comments weren't referenced at all in the opinion. And we don't even really need the source code because we have Dr. Breglioli's opinions as well. So that's another issue removed from the hearsay, why you don't need to reach whether or not source code is hearsay. And following up on some of the questions Chief Judge Moore asked, I thought you would have been really excited by the question I was asking in posing counsel that I asked over and over to get a statement on in terms of whether something could be admissible at the summary judgment stage because of the fact that it could be even different people than a 30 v. 6 witness who could testify at trial to those points. Do you feel like perhaps Rule 56 would help with some of the reconciliation of the rules and the discussion you were having with Chief Judge Moore? Absolutely, Your Honor. I think that there could be other witnesses. Rule 30 v. 6 is an efficient manner to gather testimony under Rule 1. We've discussed the need for efficiency. But fortunately, we just don't need that here because we just have such a strong record of the actual evidence and the business records that could come in. Just out of curiosity, is a summary judgment hearing a court proceeding? Yes. So is there some reason to think that Rule 32 only governs in trials as opposed to summary judgment hearings? I'd have to re-look at my rules for sure, but I would assume that Rule 32 applies for witness testimony. Now, there was no live testimony at a summary judgment hearing. This was just decided on the paper. That's okay because Rule 32 says using depositions in court proceedings. Yes. But here again, we can rely on the testimony even if it's not in true admissible form because it is a summary judgment motion. Anything further? So unless the court wants me to address the separate 102B issue, I'm happy to rest on our briefs on that issue. But if the court has any other questions, I'll turn the rest of my time. Thank you. But the 102B issue is actually quite fascinating. No, you don't get to do that. I won't get into that. Well, you don't get to do that because she didn't address it. The rebuttal is for you to respond to what she addressed. Let me just say, without the... If you're trying to get into 102B, I will cut you off and you'll be done because I just told you you're not allowed to address it. That's not the way court works. Without the hearsay testimony, the documents alone do not make a prima facie case for summary judgment, particularly what is here. The burden is clearly convincing evidence. Anderson v. Liberty Law tells us that that burden has to be factored in on summary judgment. There's just nothing to link the CELS document with the source code and the product manual. It's just not enough there to say all these things happened prior to the critical date. As I pointed out, the CELS document doesn't identify the product with enough specificity to meet the clinic convincing evidence standard. What, if anything, is your argument as to why Mr. Ramsey couldn't be an authenticating witness in this context to authenticate the relevant documents for 102B? Well, he said he got the documents off a computer. Well, that's not the Texas Circuit standard. He's got to understand the storage method used. To say I got them off a computer is like saying I got them out of a warehouse. He doesn't understand anything about the business records conventions at the company. He's just repeating what other people told him. What case do you have that says that he can't be a sufficient witness to identify the business records? Well, I think it's the Tenth Circuit case. I want to say it's Irvine where they talked about the level of detail of understanding the record-keeping system that the records custodian should have to testify and establish the business records, etc. He's just saying, well, we found these documents. He doesn't understand anything about how those documents were kept. He says they were kept by the corporation. Kept by the corporation, yes, but what was the system that was used? That's what's required in the Tenth Circuit. Thank you, Your Honors. Okay, thank both counsel. This case is taken under submission.